United States District Court
Southern District of Texas
**ENTERED**
January 11, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:11-91-1 |
| | § | CIVIL NO. 6:16-54 |
| YUDARY URIEL CASTILLO-CHAPA, | § | |
|    Defendant/Movant. | § | |
| | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Yudary Uriel Castillo-Chapa's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support. D.E. 117. Movant seeks a sentence reduction under Amendment 794 to the Sentencing Guidelines based on his allegedly minor role. The United States has moved to dismiss this action on the grounds that the issue Movant raises is not cognizable under 28 U.S.C. § 2255. The Court agrees. The relief Movant seeks is available, if at all, through a motion pursuant to 18 U.S.C. § 3582(c)(2). The Court will therefore construe Movant's motion under § 3582.

**I. Background**

On June 25, 2012, Movant pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). His base offense level was 34, based upon 23.96 kilograms of cocaine. He received a 2-level enhancement under U.S.S.G. § 3B1.1(c) for being a leader/organizer and a 2-level enhancement under U.S.S.G. § 2D1.1(b)(2) because he used, directed, or made a credible threat of violence during the offense. After a 3-level reduction for acceptance of responsibility, Movant's total offense level was 35. With a criminal history category of III, Movant's guideline range of imprisonment was 210 to 262 months. On June 3, 2014, the Court sentenced Movant to

150 months' imprisonment, to be followed by 4 years' supervised release. Judgment was entered June 10, 2014.

On November 1, 2015, the United States Sentencing Commission issued Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 regarding minor or minimal role. Citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Movant now moves the Court to reduce his sentence under Amendment 794 to the mandatory minimum 120 months.

**II. Analysis**

In *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 "applies retroactively in direct appeals." 823 F.3d at 521. However, the court declined to reach "the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Id.* n.1. The Fifth Circuit has explicitly declined to reach the issue of whether Amendment 794 is clarifying and/or retroactive. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). However, the Southern, Northern, and Western Districts of Texas have held that Amendment 794 is not retroactive. *United States v. Collins*, 2016 WL 6835063, at *1 (S.D. Tex. Nov. 21, 2016) ("The Court finds that because Amendment 794 is not listed in § 1B1.10, it is not retroactive."); *Perez-Rodriguez v. United States*, 2016 WL 5875027, at *3 (N.D. Tex. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 5871359 (N.D. Tex. Oct. 7, 2016) ("Amendment 794 . . . is not listed in § 1B1.10(c) as an amendment that can subsequently lower an applicable guideline range, so it was not made retroactive by the U.S. Sentencing Commission, and the Court does not have discretion to consider reducing Movant's sentence on this basis."); *Vergara v. United States*, 2016 WL 5717843, at *2–3 (W.D. Tex. Sept. 30, 2016) ("*Quintero–Leyva* did not make Amendment 794 retroactively applicable to cases in the Fifth Circuit on direct appeal or on collateral review under § 2255. . . . The Sentencing Guidelines list

2

all amendments eligible for retroactive effect. If an amendment is not listed, a retroactive sentence reduction is not authorized. The list does not include Amendment 794.").

Because Amendment 794 is not retroactive, the Court is not authorized to reconsider whether Movant may qualify for a minor role under this amendment.

### III. Conclusion

For the reasons stated herein, the Government's motion to dismiss (D.E. 122) is **GRANTED**, and Movant's construed motion under 18 U.S.C. § 3582(c)(2) (D.E. 117) is **DENIED**. Because Movant's motion is not properly considered a motion to vacate, set aside, or correct sentence, the Clerk is instructed to close Civil Action No. 6:16-54.

It is so **ORDERED** this 11th day of January, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE